Filed 6/17/13  P. v. Fernandez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047770 |
| v. | (Super. Ct. No. 10CF2953) |
| JOSE BARAJAS FERNANDEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, James Edward Rogan, Judge.  Affirmed.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

\*          \*          \*

We appointed counsel to represent Jose Barajas Fernandez on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against his client but advised the court no issues were found to argue on appeal. Defendant was given 30 days to file written argument on his own behalf. Defendant subsequently filed a brief with this court.

Defendant's brief refers to many matters outside the record. Defendant also contends his lawyer failed to properly pursue a motion to suppress and, although he does not use this language, in effect, accuses both his trial and appellate attorneys of inadequate representation. Where an acceptable explanation may exist or the record does not reflect the reason for counsel's behavior, an inadequate representation claim cannot be considered on appeal. (*People v. Mendoza* Tello (1997) 15 Cal.4th 264, 266-267.) To pursue these issues, defendant must do so by way of a petition for habeas corpus. (*Id.* at 265.)

We have independently reviewed the trial record and found no arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436.) We therefore affirm the judgment.

FACTS

While on patrol, Santa Ana Detective Pedro Duran saw defendant standing near a liquor store. Duran addressed defendant and asked if he had anything illegal on his person; defendant denied he did. But Duran noticed a bulge under defendant's oversized T-shirt and suspected he was carrying a weapon. Defendant ran away when Duran sought to search him. Defendant then turned around and appeared to be reaching for a weapon. Duran thereupon fired his Taser at defendant. Defendant fell to the ground but brought his hands to his waistband, inducing Duran to fire his Taser once again. Duran asked defendant whether he had a gun; defendant stated he had a "strap," a street term for a gun. Duran called for a backup and Officer Padron arrived shortly thereafter.

2

When they searched defendant, they found a loaded pistol and a loaded magazine in a shoulder holster under his shirt.

The district attorney filed an information charging defendant with possession of a firearm by a convicted felon (Former Pen. Code, § 12021, subd. (a)(1) added by Stats. 1953, ch. 36, § 1, p. 654 and repealed by Stats. 2010, ch. 711, § 4, eff. Jan.1, 2012 and reenacted without substantive change by § 29800, subd. (a)(1)) and street terrorism (Pen. Code, § 186.22, subd. (a)).  The information further alleged that defendant had previously been convicted of violating Health and Safety Code section 11352, subdivision (a) and alleged he had served four separate prison terms.  A jury convicted defendant on both counts and, in a bifurcated trial, the court found the enhancements were true.  The court sentenced defendant on both counts, but after the California Supreme Court decided *People v. Rodriguez* (2012) 55 Cal.4th 1125, granted his motion to recall the sentence and then re-sentenced defendant.  The court sentenced defendant to a term of six years computed as follows:  three years on the count charging him with possession of a firearm, and one year each for three priors; the court struck one of the priors.  The court vacated the conviction for street terrorism.

DISCUSSION

Before trial, defendant made a motion under *People v. Marsden* (1970) 2 Cal.3d 118 to replace appointed counsel.  The court gave defendant a full opportunity to explain the reasons for his dissatisfaction with counsel and appropriately denied the motion.  None of the facts asserted by defendant indicated either a conflict of interests or inadequate representation.

Defendant's lawyer filed a motion to suppress.  The prosecutor filed opposition.  The clerk's transcript indicates that when the motion was scheduled to be heard, defendant withdrew the motion.  We were not supplied with a transcript of these

3

proceedings. The moving papers indicate the motion was based on the warrantless detention and search of defendant. But as the prosecutor's opposition notes, the original contact between defendant and Duran initial questioning of defendant did not constitute a "seizure." (*United States v. Drayton* (2002) 536 U.S. 194 [122 S.Ct. 2105, 153 L.Ed.2d 242].) "Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen." (*Id*. at p. 200.) After the officer noticed the presence of a potential weapon under defendant's T-shirt, he would have been justified in detaining defendant if had he not run away. We therefore cannot find fault with defendant's attorney withdrawing the motion to suppress.

We were unable to discover any other arguable issue in the record.


DISPOSITION


The judgment is affirmed.


RYLAARSDAM, ACTING P. J.

WE CONCUR:


BEDSWORTH, J.


MOORE, J.